# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7267 | **DATE** | 2/8/2008 |
| **CASE TITLE** | Gregory Champion # 2006-0080031 vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff is granted leave to file in forma pauperis (6). Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 5.63. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The court directs that summons issue as to Defendants Dart and Godinez, and directs the United States Marshals Service to serve process.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee at the Cook County Jail, is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $5.63. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

    Under 28 U.S.C. § 1915A(b)(1), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff has alleged that Floyd King, a fellow detainee. punched him in the face on December 4, 2007, breaking Plaintiff's glasses and causing injuries. King was "removed from [Plaintiff's] living unit immediately' and two days later removed from the building where Plaintiff was housed. Plaintiff alleges that because King is a dangerous felon, jail officials violated Plaintiff's 14th Amendment and 8th Amendment rights by housing King in minimum security. He alleges, further, that he has been prevented from filing charges against inmate King.

    Plaintiff's complaint names as Defendants only Thomas Dart, Sheriff of Cook County, and Salvador Godinez, the Executive Director of the Cook County Jail. The court will direct that summons issue as against these Defendants, but Plaintiff is warned that unless Mr. Dart and Mr. Godinez knew that Mr. King was dangerous and were personally involved in the decision to house King in proximity to Plaintiff, they may not be held liable for violating Plaintiff's constitutional rights. If other jail officers or staff were responsible for those decisions, Plaintiff is encouraged to file an amended complaint naming them as Defendants. Plaintiff is reminded, further, that not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed in a claim for failure to protect, Plaintiff will have to show that Defendants acted with "deliberate indifference" to a known risk of serious harm. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999). To prove that prison officials were aware of a specific, impending, and substantial threat to his safety, a prisoner often must demonstrate that he complained to prison officials about a specific threat to his safety. Pope v. Shafer, 86 F.3d 90, 92 (7th Cir.1996). In other words, the defendants had to know that there was a substantial risk that

**STATEMENT**

King would attack Plaintiff, yet failed to take any action. *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir.2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir.1984); *Ward v. Thomas*, 708 F.Supp. 212, 214 (N.D.Ill.1989).

   Plaintiff's motion for appointment of counsel (6) is denied without prejudice. Plaintiff has provided no information concerning the efforts, if any, he has made to retain counsel. There is no constitutional right to appointed counsel in a civil case, such as this, and the court declines to appoint an attorney at this stage. Plaintiff has filed a number of other actions and may be capable of pursuing this claim on his own.