# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7267 | **DATE** | May 14, 2008 |
| **CASE TITLE** | Gregory Champion (#2006-0080031) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) terminate Defendants Dart, Godinez, and Cook County pursuant to the second amended complaint and Fed. R. Civ. P. 15(a); and (2) issue summonses for service of the second amended complaint on Defendants Parks and King. Plaintiff's motion for appointment of counsel [#6] is denied.

■ [For further details see text below.]   Docketing to mail notices.

**STATEMENT**

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two correctional officers at the jail, violated Plaintiff's constitutional rights by failing to protect him from an attack by a fellow prisoner and by failing to punish the assailant. This matter is before the Court for consideration of Plaintiff's second amended complaint.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendants Parks and King. If Plaintiff can demonstrate that Defendants acted with deliberate indifference to a substantial risk of harm, he may be able to obtain damages for the alleged attack. *See, e.g., Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515 (7th Cir. 2002).

    It must be nevertheless emphasized that ordinary negligence is not actionable under Section 1983; a sudden and random, unexpected attack would not impose liability on officials. *Id.* at 519. Furthermore, any failure to punish the alleged wrongdoer after the fact did not amount to a constitutional violation. Plaintiff had no constitutional right to see his assailant disciplined. Nevertheless, while a more fully developed record may belie Plaintiff's claims, Defendants must respond to Plaintiff's charge that they failed to protect him from attack.
**(CONTINUED)**

mjm

**STATEMENT (continued)**

The Clerk shall issue summonses for service of the second amended complaint on Defendants Parks and King. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff's motion for appointment of counsel is denied at this time. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, a prolific litigator in this district, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

**(CONTINUED)**