## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7267 | **DATE** | July 9, 2008 |
| **CASE TITLE** | Champion (#2006-0080031) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's third amended complaint [23] and letter to the judge [24] are stricken. Plaintiff's motion for leave to file a fourth amended complaint [25] is granted. Count 4 of Plaintiff's fourth amended complaint is dismissed. The Clerk is directed to: (1) reinstate Defendants Savador Godinez and Thomas Dart and (2) issue summonses for service of the fourth amended complaint on Defendants Superintendent Andrews, Thomas Dart, Deputy Parks, and Deputy King.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Without leave of court or a motion for leave to file an amended complaint, Plaintiff filed a third amended complaint and a letter to the judge. Plaintiff's third amended complaint and letter to the judge are stricken. Plaintiff continues to ignore the court's repeated admonitions about basic filing requirements. Plaintiff must (1) provide the court with the original plus a judge's copy of every document filed; and (2) include a certificate of service showing that a copy was mailed to opposing counsel. The court will not consider any document filed that fails to comport with these two basic rules. Furthermore, *ex parte* letters to the judge are not permitted. Any requests for court action must be made by motion and filed with the Clerk of Court. Furthermore, Plaintiff must provide a sufficient number of copies of his amended complaint for service on any new Defendants.

Subsequently, Plaintiff filed a motion for leave to file a fourth amended complaint. Plaintiff's fourth amended complaint seeks to reinstate two previously terminated Defendants, add one new Defendant, and to specify each claim as to each Defendant.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint once as a matter of course – after that – a party may amend its complaint only with the written consent of the parties or by leave of court. "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend a complaint may be denied when there is undue delay, undue prejudice to the opposing party, or when the amendment would be futile. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). While one of Plaintiff's claims presented in the amended complaint fails to state a claim for which relief can be granted (as discussed below), the remaining claims in the amended complaint are sufficiently pled at this stage of the litigation. Therefore, Plaintiff's motion for leave to file an amended complaint is granted.

Plaintiff alleges that in October 2007, Plaintiff informed Cook County Jail Superintendent Andrews, by letter, that he had received a threat by another inmate and warned Superintendent Andrews of a growing gang presence in N-House. Shortly thereafter, a gang leader was transferred to N-House and Plaintiff sent another letter to Superintendent Andrews, informing him that the inmate was a major gang leader.

**STATEMENT**

On December 4, 2007, that same gang leader punched Plaintiff in the face, breaking Plaintiff's glasses and "almost putting out his left eye." When Plaintiff informed Cook County Jail Deputies Parks and King of the assault, the deputies laughed and told Plaintiff to shut-up. At a subsequent hearing on the assault, the gang leader was not punished and Plaintiff was not "allowed" to press aggravated assault and battery charges against the gang leader.

Count 4 of Plaintiff's fourth amended complaint alleges that Salvador Godinez, the Executive Director of Cook County Jail, and Thomas Dart, Cook County Sheriff, violated Plaintiff's equal protection rights by denying Plaintiff the right to press charges against the inmate who physically assaulted Plaintiff. The State's Attorney has the authority to prosecute and determine when and what to prosecute. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). Therefore, Plaintiff cannot bring suit for a violation of a right he did not possess. Accordingly, Count 4 of Plaintiff's fourth amended complaint is dismissed.

The Clerk is directed to reinstate Defendants Salvador Godinez and Thomas Dart. The Clerk shall issue summons for service of the fourth amended complaint on Defendants Superintendent Andrews, Thomas Dart, Deputy Parks, and Deputy King. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.