**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| PLAINTIFF: Gregory Champion | COURT CASE NUMBER: 07C7267 |
| DEFENDANT: Thomas Dart, et al. | TYPE OF PROCESS: Amended S/C |

SERVE → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: Mr. King, Sheriff Deputy, Div. 2 Cook County Jail

AT ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code): C.C.J. c/o Legal Dept 2700 S California Ave 2nd Flr. Div. 5 Chicago, IL 60608

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:
Gregory Champion, #2006-0080031
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

- Number of process to be served with this Form - 285: 1
- Number of parties to be served in this case: 4
- Check for service on U.S.A.:

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
AUG 01 2008 YM
AUG 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER:
DATE: 07-16-08

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)
Total Process: 3 of 4
District of Origin No.: 24
District to Serve No.: 24
Signature of Authorized USMS Deputy or Clerk: TD
Date: 07-16-08

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above):

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above): NOT SERVED

Date of Service: 7/21/08
Time: 12:00 pm
Signature of U.S. Marshal or Deputy: R.B.

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| One service charge same case + location. See other sheet for charges | | | | | |

REMARKS:
1 DUSM  1 HOUR  14 miles
Multiple "Mr. King" in division 2 - need more info.

PRIOR EDITIONS MAY BE USED    1. CLERK OF THE COURT    FORM USM-285 (Rev. 12/15/80)

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO: Gregory Champion**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Mr. King, Sheriff Deputy, acknowledge receipt of your request that I waive
(DEFENDANT NAME)
service of summons in the action of Gregory Champion vs. Thomas Dart, et al.
(CAPTION OF ACTION)
which is case number 07C7267 in the United States District Court for the
(DOCKET NUMBER)
Northern District of Illinois.
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 16, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____     _____
DATE                          SIGNATURE

Printed/Typed Name: _____

As _____ of _____
TITLE                           CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

## United States District Court
Northern District of Illinois

**SUMMONS IN A CIVIL ACTION**

Gregory Champion     CASE NUMBER: 07 cv 7267

vs.

JUDGE:  Rebecca R. Pallmeyer

Thomas Dart, et al

TO   Andrews     Thomas Dart     Deputy Parks     Deputy King

NAME:      Gregory Champion #2006-0080031
ADDRESS:   Cook County Jail
           P.O. Box 089002
CITY:      Chicago, IL 60608

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney: an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

MICHAEL W. DOBBINS, CLERK          July 10, 2008

/s/ Johnnie M. Patterson
Deputy Clerk

# RETURN OF SERVICE

| Service of the summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant. Place where served: _____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

[ ]  Returned unexecuted: _____

[ ]  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
               Date                              Signature of Server

_____
Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.
AO440 (REV. 1/90) Summons in a Civil Action

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7267 | **DATE** | July 9, 2008 |
| **CASE TITLE** | Champion (#2006-0080031) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's third amended complaint [23] and letter to the judge [24] are stricken. Plaintiff's motion for leave to file a fourth amended complaint [25] is granted. Count 4 of Plaintiff's fourth amended complaint is dismissed. The Clerk is directed to: (1) reinstate Defendants Savador Godinez and Thomas Dart and (2) issue summonses for service of the fourth amended complaint on Defendants Superintendent Andrews, Thomas Dart, Deputy Parks, and Deputy King.

■ [ For further details see text below.]

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 7/10/2008

**STATEMENT**

    Without leave of court or a motion for leave to file an amended complaint, Plaintiff filed a third amended complaint and a letter to the judge. Plaintiff's third amended complaint and letter to the judge are stricken. Plaintiff continues to ignore the court's repeated admonitions about basic filing requirements. Plaintiff must (1) provide the court with the original plus a judge's copy of every document filed; and (2) include a certificate of service showing that a copy was mailed to opposing counsel. The court will not consider any document filed that fails to comport with these two basic rules. Furthermore, *ex parte* letters to the judge are not permitted. Any requests for court action must be made by motion and filed with the Clerk of Court. Furthermore, Plaintiff must provide a sufficient number of copies of his amended complaint for service on any new Defendants.

    Subsequently, Plaintiff filed a motion for leave to file a fourth amended complaint. Plaintiff's fourth amended complaint seeks to reinstate two previously terminated Defendants, add one new Defendant, and to specify each claim as to each Defendant.

    Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint once as a matter of course – after that – a party may amend its complaint only with the written consent of the parties or by leave of court. "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend a complaint may be denied when there is undue delay, undue prejudice to the opposing party, or when the amendment would be futile. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). While one of Plaintiff's claims presented in the amended complaint fails to state a claim for which relief can be granted (as discussed below), the remaining claims in the amended complaint are sufficiently pled at this stage of the litigation. Therefore, Plaintiff's motion for leave to file an amended complaint is granted.

    Plaintiff alleges that in October 2007, Plaintiff informed Cook County Jail Superintendent Andrews, by letter, that he had received a threat by another inmate and warned Superintendent Andrews of a growing gang presence in N-House. Shortly thereafter, a gang leader was transferred to N-House and Plaintiff sent another letter to Superintendent Andrews, informing him that the inmate was a major gang leader.

| STATEMENT |
|---|
| On December 4, 2007, that same gang leader punched Plaintiff in the face, breaking Plaintiff's glasses and "almost putting out his left eye." When Plaintiff informed Cook County Jail Deputies Parks and King of the assault, the deputies laughed and told Plaintiff to shut-up. At a subsequent hearing on the assault, the gang leader was not punished and Plaintiff was not "allowed" to press aggravated assault and battery charges against the gang leader.<br>　　　Count 4 of Plaintiff's fourth amended complaint alleges that Salvador Godinez, the Executive Director of Cook County Jail, and Thomas Dart, Cook County Sheriff, violated Plaintiff's equal protection rights by denying Plaintiff the right to press charges against the inmate who physically assaulted Plaintiff. The State's Attorney has the authority to prosecute and determine when and what to prosecute. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). Therefore, Plaintiff cannot bring suit for a violation of a right he did not possess. Accordingly, Count 4 of Plaintiff's fourth amended complaint is dismissed.<br>　　　The Clerk is directed to reinstate Defendants Salvador Godinez and Thomas Dart. The Clerk shall issue summons for service of the fourth amended complaint on Defendants Superintendent Andrews, Thomas Dart, Deputy Parks, and Deputy King. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. |

**FILED**

JULY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED
JUL 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GREGory CHampion
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Salvador Godinez

Supt. Andrews

Deputy Mr. Parks

Deputy King

Thomas Dart

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 07C 7267
(To be supplied by the Clerk of this Court)

R. Pallmeyer

2008 JUL 16 PM 2:46

CHECK ONE ONLY:       4th    **AMENDED COMPLAINT**

√      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
       **U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
       **28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: Gregory CHAMPION

   B. List all aliases: _____

   C. Prisoner identification number: 20060080031

   D. Place of present confinement: Cook County Jail

   E. Address: 2700 S. California
   Formerly Division 2 Dorm 2 N tier 12/04/07

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: ANDREWS

   Title: former Supt, Division 2

   Place of Employment: Cook County Jail

   B. Defendant: Ms. Parks

   Title: Sheriff Deputy Division 2

   Place of Employment: Cook County Jail

   C. Defendant: MR. KING

   Title: Sheriff Deputy Division 2

   Place of Employment: Cook County Jail

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Salvador Godinez
   Exe. Director
   Cook County Jail

E. Thomas Dart
   Sheriff
   Cook County

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(1.) On 12/04/07, Plaintiff Champion was housed in minimum division 2, medical tier N house. (2) On 10/15/07 gang leader Anthony Cargo threatened to kick Champions A—, Champion immediately tendered letter to then supt. Andrews detailing threat and growing gang presence in N house. Andrews had his officers speak with Cargo, told him to leave me alone and do not talk to me. Shortly thereafter gang leader Floyd King was moved into N house. (3) Plaintiff tendered another letter to Andrews informing him of King's presence and status of major gang leader, maximum security lifelong habitual criminal. (4) On 02/04/07 King walked over and suckerpunched Champion in face, breaking his glasses, almost putting out his left eye. Cermak hospital already had Champion on 80 mgs of Propanolof blood pressure medicine and 1000 mgs naproxen per day for pain. (5) This punch severely aggravated preexisting medical situation. (6) Detainee King was moved up stairs, discipline report was filed. (7) At hearing, he was not punished and I was not allowed to press charges, aggravated assault & battery. (8) I ran to deputies Ms. Parks and deputy King, who laughed at me and ridiculed me and told me to

shut up.

⑨ All of the defendants, acted under color of law, violates the Constitution and 42 U.S.C. 1983. They are sued in their official and individual capacities.

⑩ Godinez and Dart, are liable for failure to train and supervise, 42 U.S.C 1983. Also equal protection of the laws, they should have known I was not allowed to press charges. Their supervisory roles clearly define, maximum security detainees not mix with minimum detainees, violating my liberty clause, and other 14nth amendment particulars.

⑪ Andrews was informed of threats of violence to plaintiff, still allowed King to move from Dorm 3 AA house to Dorm 7 house. He was tendered letter telling of gang leaders presence. He is liable for failure to protect, violating the U.S. Constitution and 42 U.S.C 1983, and failure to supervise and train his members.

⑫ Deputies Ms. Parks and King are liable for failure to protect, violating 42 U.S.C. 1983

⑬ State cases of failure to protect and negligence are also applied to all defendants, who with deliberate indifference, and willful and wanton maliciousness, disregarded minimum status of Plaintiff and subjected him to maximum) detainees King and Cargo.

06/24/08
07C7267

I Gregory Champion, individually incorporate all of the heretofore stated facts as though fully set forth herein.

Count 1: Supt. Andrews is liable for failure to protect, violating the U.S. Constitution and 42 U.S.C. 1983, with deliberate indifference and willful & Wanton Maliciousness.

Count 2: Supt Andrews is liable for failure to supervise and train violating U.S. Constitution and 42 U.S.C. 1983, with deliberate indifference, and Willful & Wanton Maliciousness.

Count 3: Godinez is liable for failure to train violating the U.S. Constitution and 42 U.S.C. 1983, with deliberate indifference and willful & Wanton maliciousness.

Count 4: Godinez & Dart are liable for the violation of the 14nth amendment equal protection of the laws by denying me the right to press charges aggravated assault & Battery, with deliberate indifference and willful and Wanton maliciousness, U.S. Constitution, 42 U.S.C. 1983

Count 5: Dart is liable for failure to train and supervise his members as he is Sheriff of Cook County & responsible for the implementation of training procedures to his members, violating the Constitution and 42 U.S.C. 1983, with deliberate indifference and Willful & Wanton maliciousness.

Count 6: Deputies Ms. Parks & King are liable for failure to protect violating U.S. Constitution and 42 U.S.C. 1983, with deliberate indifference and Willful & Wanton maliciousness.

Count 7: State charges of failure to protect & negligence are attached to
state  all of the above named defendants, violating the Illinois Constitution, with indifference and maliciousness.

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want the jury to find defendants liable on all counts awarding one 11 million 11,000,000, dollars. I also seek punitive damages. MRSA, left untreated, can cause death!!

VI. The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 24 day of June, 20 08

Gregory L. Champion
(Signature of plaintiff or plaintiffs)

GreG L. CHAMpion
(Print name)

20060080031
(I.D. Number)

1419 Woodhollow Ln.
Flossmoor, Il. 60422
(Address)