**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY CHAMPION, | ) |
| Plaintiff, | ) |
| | ) No. 07 C 7267 |
| -v | ) |
| | ) Judge Rebecca R. Pallmeyer |
| EXEC. DIRECTOR GODINEZ, et al., | ) |
| Defendants. | ) |

**DEFENDANT DART'S ANSWER TO THE 4th AMENDED COMPLAINT**

Defendant Thomas J. Dart, Sheriff of Cook County by his attorney, Richard A. Devine, State's Attorney, of Cook County, through his Assistant State's Attorney, Daniel J. Fahlgren, in answer to Plaintiff's 4th Amended Complaint, state as follows:

1. On 12/04/07, Plaintiff Champion was housed in minimum division 2, medical tier N house.

   ANSWER: Defendant admits the averments in this paragraph.

2. On 10/15/07 gang leader Anthony Cargo threatened to kick Champions A _ _, Champion immediately tendered letter to then Supt. Andrews detailing threat and growing gang presence in N house. Andrews had his officers speak with Cargo, told him to leave me alone and do not talk to me. Shortly thereafter gang leader Floyd King was moved into N house.

   ANSWER: Defendant denies the averments in this paragraph.

3. Plaintiff tendered another letter to Andrews informing him of

King's presence and status of major gang leader, maximum security lifelong habitual criminal.

    ANSWER:   Defendant denies the averments in this paragraph.

4.    On 2/04/07, King walked over and suckerpunched Champion in face, breaking his glasses, almost putting out his left eye.  Cermak hospital allready had Champion on 80mgs of Propasolol blood pressure medicine and 1000mgs naproxen per day for pain.

    ANSWER:   Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph.

5.    This punch severly aggravated preexisting medical situation.

    ANSWER:   Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in this paragraph.

6.    Detainee King was moved up stairs, discipline report was filed.

    ANSWER:   Defendant admits the averments in this paragraph.

7.    At hearing, he was not punished and I was not allowed to press charges, aggravated assault and battery.

    ANSWER:   Defendant denies the averments in this paragraph.

8.    I ran to deputies Ms. Parks and deputy King, who laughed at me and told me to shut up.

    ANSWER:   Defendant denies the averments in this paragraph.

9.    All of the defendants, acted under color of law, violated the Constitution and 42 U.S.C. 1983.  They are sued in their official and individual capacities.

    ANSWER:   Defendant admits they acted under color of law and that

they are sued in their official and individual capacities. Defendant denies the remaining averments in this paragraph.

10.     Godinez and Dart, are liable for failure to train and supervise, 42 U.S.C 1983. Also equal protection of the house, they should have known I was not allowed to press charges. Their supervisory roles clearly define maximum security detainees not mix with minimum detainees, violating my liberty clause, and other 14th amendment particulars.

ANSWER:   Defendant denies the averments in this paragraph.

11.     Andrews was informed of threats of violence to plaintiff, still allowed King to move from Dorm 3 AA house to Dorm 2-n house. He was tendered letter telling of gang leaders presence. He is liable for Failure to protect, violating the U.S. Constitution and 42 U.S.C. 1983, and failure to supervise and train his members.

ANSWER:   Defendant denies the averments in this paragraph.

12.     Deputies Ms. Perks and King are liable for failure to protect, violating 42 U.SC. 1983.

ANSWER:   Defendant denies the averments in this paragraph.

13.     State cases of failure to protect and negligence are also applied to all defendants, who with deliberate indifference, and willful and wanton maliciousness, disregarded minimum status of Plaintiff and subjected him to maximum detainees King and Cargo.

ANSWER:   Defendant denies the averments in this paragraph.

Count 1:   Supt. Andrews is liable for failure to protect, violating the U.S. Constitution and 42 U.S.C. 1983, with deliberate indifference and willful &

Wanton Maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 2:    Supt Andrews is liable for failure to supervise and train violating U.S. Constitution and 42 U.S.C 1983, with deliberate indifference and Willful & Wanton Maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 3:    Godinez is liable for failure to train violating the U.S. constitution and 42 U.S.C 1983, with deliberate indifference and Willful & Wanton maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 4:    Godinez & Dart are liable for the violation of the 14th amendement equal protection of the laws by denying me the right to press charges aggravated assault & battery, with U.S. constitution and 42 U.S.C 1983, with deliberate indifference and Willful & Wanton maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 5:    Dart is liable for failure to train and supervise his members as his is Sheriff of Cook County & responsible for the implementation of training procedures to his members, violating the U.S. constitution and 42 U.S.C 1983, with deliberate indifference and Willful & Wanton maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 6:    Deputies Ms. Parks & King are liable for failure to protect violating the U.S. constitution and 42 U.S.C 1983, with deliberate indifference and Willful & Wanton maliciousness.

ANSWER:    Defendant denies the averments in this paragraph.

Count 7: State charges of failure to protect & negligence are attacked to all of the above named defendants, violating the Illinois Constitution, with indifference and maliciousness.

ANSWER: Defendant denies the averments in this paragraph.

AFFIRMATIVE DEFENSES:
1. The Defendant raises the defense of qualified immunity.

2. Plaintiff, while he was an inmate, failed to exhaust his administrative remedies before filing this action. Therefore this action should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

3. As Local Governmental employees, defendant is entitled to immunity from Plaintiff's state claims, because they cannot be held liable for failure to diagnose or to provide medical treatment. Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/ 1-101 et seq., 10/6-106.

JURY DEMAND.
Defendant demands trial by jury.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: *s/Daniel J. Fahlgren*
Daniel J. Fahlgren
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3304
6201163